# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

OSCAR PUERTA, derivatively
on behalf of MFC FL, LLC,

      Plaintiff,

v.                                              Case No. 6:26-cv-196-JA-RMN

OSCAR LADINO,

      Defendants.

_____

## ORDER

This case is before the Court on review of the record.

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

In the Complaint (Doc. 1), Plaintiff, Oscar Puerta, bases subject-matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. But the allegations of the Complaint do not support diversity jurisdiction.

Puerta brings this action "derivatively on behalf of MFC FL, LLC" a limited liability company with two members—Puerta and Defendant, Oscar

Ladino. (Compl. at 1–2). Puerta states that he is a citizen of New Jersey and that Ladino is a citizen of Florida. (*Id.* ¶¶ 3 & 4). And while Puerta describes MFC FL, LLC as a limited liability company that is a "Real Party in Interest," (*id.* ¶ 2), Puerta does not identify MFC FL, LLC's citizenship in either the Complaint or in his Disclosure Statement (Doc. 5). But as a matter of law, MFC FL, LLC has the citizenship of its two members—Puerta and Ladino—and thus is a citizen of both New Jersey and Florida. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

Puerta brings his claims only "derivatively on behalf MFC FL, LLC." Therefore, MFC FL, LLC's citizenship is germane to this Court's subject-matter jurisdiction. *See, e.g., Steelcast Ltd. v. Makary*, No. 17 CV 6623, 2019 WL 2601356, at *2 (N.D. Ill. June 25, 2019) ("When a derivative claim grounded in state law is brought in federal court under diversity jurisdiction, the court must consider the citizenship of the limited liability company on behalf of whom the action is brought."); *Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 425 (E.D.N.Y. 2017) ("In a derivative suit, . . . it is the rule that the LLC's citizenship should be taken into account for purposes of determining the presence of diversity jurisdiction."). And it has been noted that "[i]n a derivative action brought on behalf of a limited liability company by one member against another member,

2

regardless of whether the company is aligned as a plaintiff or a defendant, diversity is destroyed as the company has the citizenship of its members." *Recruiting Force, LLC v. Mainthia Techs., Inc.*, No. A-19-CV-1045-RP, 2020 WL 1698826, at \*2 (W.D. Tex. Apr. 8, 2020) (quoting 13E *Wright & Miller's Federal Practice & Procedure* § 1306 (3d ed.)).

Accordingly, it is **ORDERED** that **no later than February 13, 2026,** Plaintiff, Oscar Puerta, shall show cause why this case should not be dismissed for lack of subject-matter jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida, on February 5, 2026.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

3